# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-10023
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$39,855.00 IN UNITED STATES CURRENCY,

Defendant,

and

THOMAS GOULD, SR.; JOYCE GOULD,

Claimants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:96-CV-196-BC

July 2, 1998
Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

After Tommy Gould, Jr. and Darryle Gould pleaded guilty to conspiracy to possess and

distribute cocaine and cocaine base, the Government filed a complaint under 21 U.S.C. § 881 (a) (6)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**1**

seeking the forfeiture of $39,855 seized from Tommy Gould, Jr.'s bedroom in his parents' home. Tommy Gould Sr. and Joyce Gould, the parents, responded to the forfeiture complaint, arguing that $29,000 of the seized money was theirs. The parties consented to a trial before a magistrate judge. On October 30, 1997, the magistrate granted summary judgment in favor of the Government. The Goulds appeal.

In a forfeiture action under 21 U.S.C. § 881 (a) (6), the Government bears the initial burden of demonstrating that there is probable cause to believe that seized property was substantially connected with a drug offense.[2] Probable cause is evaluated in the totality of the circumstances.[3] Once the Government establishes probable cause, the burden shifts to the claimants to prove by a preponderance of the evidence that the property seized came from an independent, non-drug-related source.[4] The claimant must set forth specific facts to show that there is a genuine issue for trial.[5]

We find that the Government established probable cause to seize the entire $39,855. First, the Gould brothers provided a connection between the residence and bedroom searched and drug-related activity. Tommy Gould, Jr. pleaded guilty to conspiracy to possess and distribute cocaine and cocaine base. He admitted hiding drugs and the proceeds from drug sales in his bedroom in his parents' home. His brother, Darryle, also pleaded guilty for his part in the conspiracy, and admitted storing drugs and money in his parents' home. Next, the Government recovered some of its marked "buy" money from the money seized from the Gould residentce. Finally, in the Gould residence, the

---

[2] *United States v. One 1987 Mercedes 560 SEL*, 919 F.2d 327, 331 (5th Cir. 1990).

[3] *Id.*

[4] *Id.*

[5] *United States v. Lot 9, Block 2 of Donnybrook Place*, 919 F.2d 994, 998 (5th Cir. 1990).

Government found traces of cocaine, a scale that could be used for weighing drugs, and a tire that Tommy and Darryle Gould admitted using to transport drugs. This evidence is sufficient to establish probable cause.

We also find that Tommy Gould, Sr. and Joyce Gould have not met their burden of offering specific facts to show that this money came from independent, non-drug-related sources. The Goulds offered self-serving statements that this money could have come from their family business. They have not supported these assertions with any evidence. The Government, on the other hand, offered the expert testimony of an Internal Revenue Service Agent to show that the Goulds could not have accumulated $29,000 from their business by the time that the money was seized. On these facts, the magistrate did not err in granting summary judgment in favor of the Government. There is no genuine issue of fact for trial.[6]

The judgment is AFFIRMED.

---

[6]    *See Id.*